# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN COLLINS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-314 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

GOLDBERG, J.                                                                                                                                              APRIL 7, 2020

## MEMORANDUM OPINION

Plaintiff Steven Collins, a pretrial detainee at Curran Fromhold Correctional Facility ("CFCF"), initially filed this suit on January 16, 2020 without paying the filing fee or moving to proceed *in forma pauperis*. In an Order filed on January 24, 2020, Collins was directed to cure that defect. He file a Motion for Leave to Proceed *In Forma Pauperis* and his inmate account statement (ECF Nos. 4, 6) on February 20, 2020, and an Amended Complaint (ECF No. 5) on February 21, 2020. Named as Defendants in the original Complaint were the City of Philadelphia, the Philadelphia County Prison System, and the Philadelphia County Sheriff' Office.[1] For the following reasons, Collins will be permitted to proceed *in forma pauperis,* and the Amended Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Amended Complaint, which is the operative pleading, *see Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (amended complaint supersedes the earlier pleading and renders the original pleading a nullity), merely lists the Defendants as "City of Philadelphia *et al*." (ECF No. 6 at 1, 2.) For purposes of this Opinion, I will consider the Amended Complaint to have named all three Defendants.

## I. FACTUAL BACKGROUND

Collins's factual allegations are straightforward. He alleges that on December 17, 2019 he boarded a prison transport bus to go from CFCF to the Philadelphia Criminal Justice Center for a proceeding in his case. (ECF No. 5 at 3.) The bus driver hit a wall while leaving CFCF, but the bus did not stop to check if those aboard were injured and no police report was written at that time. (*Id.*) When the bus arrived at the Criminal Justice Center, "the police came and made a police report of the accident and we were located and taken to the hospital." (*Id.*) Collins asserts that he is "still in need of medical treatment to my lower back, neck and shoulder." (*Id.* at 4.) He seeks money damages as relief. (*Id.*)

## II. STANDARD OF REVIEW

Because Collins appears to be unable to pay the filing fee in this matter, I will grant him leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Collins is proceeding *pro se*, I construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Because Collins is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full or in installments.

## III.     DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### a.     Claim Against the Philadelphia County Prison System

As the Third Circuit has held, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257).  Because the Philadelphia Prison System is not considered a "person" for purposes of § 1983, *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Collins's claim against it is dismissed with prejudice.

### b.     Claim Against the Philadelphia Sheriff's Office

Although municipalities and other local government units are deemed "persons" subject to liability under § 1983, *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690 (1978), sheriff's departments cannot be sued in conjunction with a county because they are merely arms of the county, not separate entities. *Dobson v. Owens*, Civ. A. No. 89-2163, 1989 WL 37140, at *1 (E.D. Pa. Apr. 13, 1989) (holding that Philadelphia Sheriff's Department is not a person for § 1983 purposes); *Open Inns, Ltd. v. Chester County Sheriff Dept.*, 24 F. Supp. 2d 410, 417 (E.D. Pa. 1998) (dismissing claim against sheriff's department because it is only a sub-unit of the county); *see also Bosenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) (for purposes of §

3

1983 claims, municipalities and police departments are treated as single entity). The Philadelphia Sheriff's Department is an agency of the City. *See* 53 Pa. Stat. Ann. § 13132(c) ("Subject to the provisions of the Philadelphia Home Rule Charter and the First Class City Home Rule Act . . . , the Council of the City of Philadelphia shall have full powers to legislate with respect to the election, appointment, compensation, organization, abolition, merger, consolidation, powers, functions and duties of the Sheriff . . . .") Because Collins has named the City of Philadelphia as a Defendant, the Sheriff's Department, a branch of the City, cannot be sued as an individual entity. Accordingly, the claim against the Sheriff's Department is dismissed with prejudice.

        c.        **Claim Against the City of Philadelphia**

In his Amended Complaint, Collins does not specify the basis for the Court's jurisdiction over his claim against the City of Philadelphia.[3] To the extent that he seeks to bring a civil rights claim pursuant to § 1983 arising from the traffic accident, that claim is not plausible for several reasons.

First, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other

---

[3]     The original Complaint, now superseded, specified the claims therein were § 1983 claims brought pursuant to the Court's federal question jurisdiction.

4

hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). Here, Collins has failed to allege that he was injured due to a municipal policy or custom.

Second, courts addressing a pretrial detainee's Fourteenth Amendment claim that he or she was injured while being transported to or from prison have generally evaluated those claims using the "deliberate indifference" standard.[4] *See, e.g.*, *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004) (per curiam). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Courts addressing claims similar to those raised by Collins have concluded that allegations of negligent driving such as being involved in a collision, even when coupled with the absence of safety restraints, do not rise to the level of deliberate indifference sufficient to state a claim. *See Otero v. Catalogne*, Civ. A No. 08-282, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010) (dismissing deliberate indifference claim where "despite Plaintiff's conclusory allegations that Defendant Canada 'intentionally' drove recklessly with 'total disregard' for Plaintiff's safety,

---

[4] The Fourth Circuit analyzes claims against transport drivers who have injured inmates in the course of transport as excessive force claims. *See Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 99 (4th Cir. 2017).

Plaintiff has not alleged that he asked Defendant Canada to stop driving recklessly, and that such a request was consciously ignored").[5] In other words, "[t]he common thread running through the . . . cases upholding inmates' Eighth Amendment claims against transport drivers is that, in each case, the court found that the driver had consciously disregarded the inmate's pleas to stop driving recklessly and thereby manifested indifference for the inmate's safety." *Otero v. Catalogne*, No. 08-282 ERIE, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010).

Here, Collins's only allegation is that the Sheriff's Department employee driving the bus was involved in an accident and did not immediately stop and create a report of the incident. However, that allegation amounts, at most, to negligence since nothing in the Amended Complaint suggests that the bus driver acted with an intent to harm Collins or drove in a consistently reckless manner over Collins's or other inmates' complaints. Collins also admits that a police report was completed once the bus arrived at the Criminal Justice Center. Collins has at most alleged that he

---

[5] *See also Bryant v. Downs*, Civ. A. No. 09-1670, 2010 WL 2593564, at *5 (M.D. Fla. June 28, 2010) (dismissing deliberate indifference claim where plaintiff alleged that "the drivers continually slammed on the breaks or took turns too quickly, which resulted in the prisoners being thrown back and forth across the van, as they had no seat belts"); *Grisby v. Cotton*, Civ. A. No. 08-214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009) (dismissing constitutional claim where inmate alleged that the defendant "was traveling in excess of the posted speed limit and collided with a white truck, which was apparently stopped at a red light" while the inmate's hands were shackled to his feet and he was not wearing a seatbelt). In contrast, where the inmate's allegations of reckless driving are coupled with allegations that the driver intended harm, refused to slow down after being asked, or declined to fasten an inmate's seatbelt despite the inmate's protestations, courts have found a basis for deliberate indifference. *See Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (prisoner stated claim where he alleged that defendant "operated the prison van recklessly, knowing that there was a substantial risk that [plaintiff] would be injured if the van stopped abruptly because [plaintiff] was shackled in leg irons and handcuffs and was not provided with a seatbelt" and because defendant "told another officer that other inmates similarly had been injured the prior week and during other incidents, which 'happen [ ] all the time.'"); *Brown*, 353 F.3d at 1040 ("We conclude Brown stated a claim against the five COs involved in transporting the inmates, as he alleged he asked them all to fasten his seatbelt, but they refused."); *see also Scott v. Becher*, 736 F. App'x 130, 133 (6th Cir. 2018) (rejecting qualified immunity where the defendant "was driving above the speed limit, swerving, and generally driving recklessly" and when the inmates begged him to slow down, "refused, laughed, and instead accelerated").

was in a traffic accident as a result of bad driving and has thus failed to state a plausible deliberate indifference claim.[6]

Even setting aside the *Monell* deficiency, the only other possible basis for a constitutional claim is that medical treatment for Collins's injury was delayed because the bus proceeded to the Criminal Justice Center before taking those aboard to a hospital. This constitutional claim is also assessed under the deliberate indifference standard, and courts should consider whether the prison official was deliberately indifferent to a serious medical need.[7] *See Farmer*, 511 U.S. at 835, 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged in this context "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

---

[6] Similarly, Collins failed to state a claim using an excessive force standard because nothing in his allegations suggests that the Defendant used force maliciously or sadistically to cause him harm. *See Kingsley v. Hendrick*, 135 S. Ct. 2466, 2473 (2015) (holding that "the Due Process Clause protects a pretrial detainee from use of excessive force that amounts to punishment").

[7] As Collins was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to the type of claim Collins seeks to assert is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

Collins has not alleged that a prison official or other municipal employee knew of his need for medical treatment and delayed or prevented him from receiving that treatment. However, I cannot say, at this time, that Collins will never be able to allege a plausible claim arising from the bus accident. Accordingly, his claim against the City will be dismissed without prejudice and he will be granted leave to file a second amended complaint if he is capable of curing the deficiencies identified in this Opinion.

## IV. CONCLUSION

For the foregoing reasons, Collins's application for leave to proceed *in forma pauperis* will be granted and his Amended Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to § 1915(e)(2)(B). Collins will be permitted leave to file a second amended complaint if he is able to cure the defects identified in this Opinion regarding his claims against the City of Philadelphia.

An appropriate Order follows.